PER CURIAM.
We are asked by petition for writ of certiorari to review an order of the Circuit Court, in and for Bradford County, which affirmed an Order of the Small Claims Court for that County refusing to file appellant’s second amended petition for writ of replevin.
The petition for replevin prayed for return of certain personal property belonging to the petitioner, an inmate of the Florida State Prison at Raiford, which personal property was taken from said petitioner at the time of his original confinement. The Assistant Superintendent of the Institution advised the wife of the petitioner that the personal property of the petitioner would be returned to him upon his release or his transfer from the Institution to some other institution or into regular inmate population where inmates were permitted to have such items.
The first petition for writ of replevin was dismissed by the Small Claims Court, without prejudice, because the same did not conform to the requirements of Chapter 78, Florida Statutes, F.S.A. which sets forth the requirements and procedure that re-plevin action includes the posting of a bond. *461 and because said petition was not accompanied by statutory filing fees.
In the amended petition, the petitioner attached thereto a certificate of the Clerk of the Circuit Court reading as follows:
“This is to certify that after a careful review of Willis G. Coonts’ records that are in my possession, I believe that he is insolvent and that proceedings had by him shall be born by Bradford County.”
The Small Claims Court again dismissed the petition without prejudice on the ground that bond had not been furnished as required by Chapter 78, Florida Statutes, F.S.A. and that the certificate above referred to was not made by the Clerk of the Small Claims Court as required by section 58.09 (now F.S. 57.081, F.S.A.), nor did it conform to that portion of said section 58.09 (57.081) setting forth the requirements which must be complied with as a condition precedent to obtain a certificate of insolvency.
On appeal to the Circuit Court for Bradford County, the order of the Small Claims Court dismissing the amended petition was affirmed, hence the petition for certiorari to this court.
The record in this case does not acquaint this court with the fact of whether the Clerk of the Circuit Court is also the Clerk of the Small Claims Court or not. If the Clerk of the Circuit Court is ex officio Clerk of the Small Claims Court, then it is our opinion that neither the Judge of the Small Claims Court or this court should go back of the Certificate of the Clerk to ascertain upon what basis said Clerk founded his certificate of insolvency. The certificate imports verity, but if the Clerk of the Circuit Court is not also the Clerk of Small Claims Court, then of course, such certificate of the clerk as required by section 57.081 should be made by the clerk of the court in which the case is pending.
There is no provision of law for waiver of requirements for a bond as required by Chapter 78, Florida Statutes, F.S.A., and therefore on this ground alone, the Small Claims Court was justified in refusing to consider the petition for writ of replevin and the Circuit Court was correct in affirming the order of dismissal on this ground; therefore, the order of the Circuit Court is affirmed, and the petition for cer-tiorari dismissed.
WIGGINTON, C. J., and JOHNSON and SPECTOR, JJ., concur.