404 So.2d 394 (1981)
Eleanor S. NATION, Appellant,
v.
Darwin R. NATION, Appellee.
No. 80-669.
District Court of Appeal of Florida, Fifth District.
October 7, 1981.
Agustin R. Benitez, Tavares, for appellant.
No appearance for appellee.
Herbert T. Sussman of Ford & Minkoff, P.A., Tavares, for amicus curiae Lake County.
COWART, Judge.
This case involves the authority of a trial judge to require a plaintiff who has proceeded in the trial court without payment of costs under a clerk's certificate of insolvency issued under section 57.081, Florida Statutes (1979), to require the plaintiff to pay the clerk's filing fee as a condition of the entry of a final judgment.
Appellant obtained a clerk's certificate of insolvency pursuant to section 57.081, Florida Statutes (1979), and filed and proceeded with her dissolution action without payment of costs. However, after final hearing the trial court ordered appellant to pay the clerk's filing fee of $35.00 and declined to enter final judgment until such payment was made. Appellant paid and appeals, contending that the trial court's action was an unconstitutional denial of access to the courts, citing Boddie v. Connecticut, 401 U.S. 371, 91 S.Ct. 780, 78 L.Ed.2d 113 (1971). Appellant also contends that since the statute only expressly provides for review of the failure or refusal of the clerk to issue a certificate of insolvency, the trial court had no power to review the clerk's issuance of such certificate, relying in part on language in Coonts v. State, 219 So.2d 460 (Fla.1st DCA 1969).
*395 We do not agree with appellant's position. Neither the statute nor the trial court's action denied appellant access to the court. In all matters in which the court clerk acts as such clerk, he acts on behalf of the court and the court has the inherent power and duty to review and oversee its clerk's administrative and ministerial acts to determine that they are consistent with law and to prevent an abuse of the judicial procedure. Ray v. Williams, 55 Fla. 723, 46 So. 158 (1908). In Coonts, certiorari was dismissed for failure of the insolvent petitioner to post a replevin bond. Therefore, the language in that opinion as to propriety of the trial judge reviewing the basis for the clerk's issuance of a certificate of insolvency was not a necessary part of that decision and we decline to follow it. Further, in Coonts the trial court dismissed petitioner's writ of replevin at the outset of the action at which time the trial court had no evidence or factual basis upon which to review the accuracy of the clerk's initial determination of insolvency. Here, the trial court determined that appellant was financially able to pay the filing fee after an evidentiary proceeding in a cause in which her financial status was an issue. The statute expressly relates only to the "prepayment" of costs and the ultimate construction and definition of the statutory terms "insolvent" and "poverty stricken" are for the court. Cf. Wigginton v. Wigginton, 16 Md. App. 329, 295 A.2d 889 (Ct.Spec.App. 1972).
A reasonable construction of this statute is that, although one is allowed to proceed without prepayment of costs upon the clerk's initial determination, the clerk's certificate of insolvency is not conclusive as to the party's true financial ability and, if the trial court finds that the party is financially able to pay costs, the court can require payment. Our construction is consistent with section 57.081(3), Florida Statutes (1979), which provides that if the plaintiff prevails, costs should be taxed and when collected applied to pay the costs whose prepayment was previously waived for indigency reasons.
As amended in 1980, section 57.081(1), Florida Statutes, allows indigents free access to the appellate process. However as construed in conjunction with Florida Appellate Rule 9.430, an indigent appellant must file a motion with the trial court prior to being allowed to proceed as an indigent on appeal. Chappell v. Florida Department of Health & Rehabilitative Services, 391 So.2d 358 (Fla.5th DCA 1980). If the trial court is to determine a party's indigency for purposes of appeal it is logical and consistent to recognize that the trial court also has authority to review the determination of indigency for the purposes of proceedings in the trial court.
AFFIRMED.
COBB and FRANK D. UPCHURCH, Jr., JJ., concur.