ON MOTION FOR CERTIFICATE OF INDIGENCY
PER CURIAM.
The appellant in this cause is a workers’ compensation claimant who has filed a petition to be relieved of costs associated with the prosecution of this appeal. Pursuant to section 57.081(1), Florida Statutes (1981), the petition was accompanied by an affidavit of insolvency, as well as an affidavit executed by appellant’s attorney stating in part that he has not been paid or promised payment for his service, but does intend to collect a fee from the insurance company as provided by law.
Section 57.081(1) provides in part: No prepayment of costs ... is required in any action when the party has obtained from the clerk in each proceeding a certification of indigency, based on an affidavit filed with him that the applicant is indigent and unable to pay the charges otherwise payable by law to any of such officers. When the person is represented by an attorney, the affidavit shall be supported by a written certificate signed by the attorney representing the person that he has made an investigation to ascertain the truth of the applicant’s affidavit and he believes it to be true; that he has investigated the nature of the applicant’s position and in his opinion it is meritorious as a matter of law; and that he has not been paid or promised payment of any remuneration for his service and he intends to act as attorney for applicant without compensation ....
When the statutory requirements are satisfied, section 57.081(1) provides an exemption from the filing fee that would otherwise be necessary in any action. Nichols v. Florida Parole and Probation Commission, 393 So.2d 13 (Fla. 1st DCA 1980). Thus, it is applicable in appeals from orders of the deputy commissioners. The portion of the statute requiring the indigent appellant’s attorney to file an affidavit stating that he has not been paid or promised any payment for his services was construed in Chappell v. Florida Department of Health and Rehabilitative Services, 419 So.2d 1051 (Fla.1982). The Court held that it is the client’s inability to pay, not the lack of funding from some other source, that determines whether the litigant should be granted a certificate of indigency. Therefore, though claimant’s attorney may anticipate a statutory fee award,[1] payable from some source other than the client, the client is not precluded from proceeding as an indigent[2] provided that the other criteria in section 57.081 are met.
When initiating an appeal as an indigent under section 57.081, the appealing party must file with the lower tribunal a motion to be relieved of paying the appellate court’s prescribed filing fee, agreeably to Fla.R.App.P. 9.430, and that motion must be accompanied by the affidavits required by section 57.081 of both the appealing party and that party’s attorney. Chappell, su *256 pra; Fla.R.App.P. 9.430. In workers’ compensation cases, those documents must be filed with the deputy commissioner, who then, upon examining the affidavits for compliance with section 57.081, may issue the required certificate of indigency for purposes of excusing payment of the filing fee.
As Rule 16(a), Fla.W.C.R.P., requires that the notice of appeal be accompanied by a $50 filing fee, an indigent appellant wishing to avoid that payment must submit the appropriate motion and affidavits to the deputy at the time of filing the notice of appeal.
Compared to the more detailed petition required by section 440.25(4)(b), typically filed at a later time not to avoid all payment of a filing fee but to secure its payment or reimbursement, with substantial record costs, from the Workers’ Compensation Trust Fund, the affidavits of in-digency required by section 57.081 may assert the statutory grounds in general terms. Similarly, the deputy may properly issue the certificate required by section 57.081 upon being satisfied of the facial sufficiency of the motion and affidavits, without notice to other parties and without further inquiry through an evidentiary hearing or otherwise. If the qualifying documents are facially sufficient, the deputy’s certificate should issue, stating that it is based solely on the documents filed and without prejudice to the more detailed examination of appellant’s indigency that may become necessary in any future proceedings under section 440.25(4)(b). Cf. Nation v. Nation, 404 So.2d 394 (Fla. 5th DCA 1981).
The clerk is instructed to return appellant’s motion and accompanying documents to the deputy commissioner for proceedings in accordance with this opinion.
IT IS SO ORDERED.
ROBERT P. SMITH, Jr., C.J., and WENTWORTH and WIGGINTON, JJ., concur.

. Such an award is provided for services rendered in workers’ compensation cases when the criteria set out in § 440.34, Florida Statutes, are present.

. We caveat that nothing in this opinion shall preclude the recoupment of expenditures from the Workers’ Compensation Administration Trust Fund when § 440.50, Florida Statutes, is applicable.