664 So.2d 945 (1995)
In re AMENDMENTS TO THE FLORIDA RULES OF WORKERS' COMPENSATION PROCEDURE.
No. 86035.
Supreme Court of Florida.
November 9, 1995.
John F. Harkness, Jr., Executive Director, The Florida Bar, Tallahassee, for Petitioner.
Frederic M. Schott, pro se, Orlando; Honorable John J. Lazzara, Judge of Compensation Claims, Florida Department of Labor and Employment Security, Tallahassee; Dennis M. Usdan, pro se, Plantation; Annemarie Craft, Counsel for Special Disability Trust Fund, Florida Department of Labor and Employment Security, Tallahassee; Clark W. Berry, pro se, of the Law Offices of Vernis & Bowling of Southwest Florida, P.A., Fort Myers; and Honorable E. Earle Zehmer, Chief Judge, First District Court of Appeal, Tallahassee, Responding.
WELLS, Justice.
This matter is before the Court upon a report filed by the Workers' Compensation Rules Committee of The Florida Bar recommending emergency amendments to the Florida Rules of Workers' Compensation Procedure. We have jurisdiction pursuant to article V, section 2(a) of the Florida Constitution. Upon the request of the chief judge of the First District Court of Appeal, we have considered those portions of the proposed amendments relating to appellate proceedings, to which there is no opposition, and we approve them.
Accordingly, part B of the Florida Rules of Workers' Compensation Procedure is amended and adopted as reflected in the appendix to this opinion. New language is indicated by underscoring; deleted language is indicated by overstriking. Committee comments are included for explanation and guidance only and are not adopted as an official part of the rules. These amendments shall take effect upon the release of this opinion.
No motion for rehearing shall be entertained.
It is so ordered.
GRIMES, C.J., and OVERTON, SHAW, KOGAN, HARDING and ANSTEAD, JJ., concur.

APPENDIX

PART BII. APPELLATE PROCEEDINGS
RULE 4.156. APPLICABILITY. Appellate review proceedings in workers' compensation cases shall be governed by the Florida Rules of Appellate Procedure (civil) except as otherwise provided by these rules.

Committee Notes
1995 Amendment. This is a new rule clarifying that the Florida Rules of Appellate Procedure, with the exception of the rules set forth below, govern workers' compensation *946 appellate review. With this clarification certain rules have been completely deleted because they were unnecessary or duplicative of the Florida Rules of Appellate Procedure. The rules deleted in their entirety and their appellate rules counterparts [in brackets] are Rules 4.180(e) [9.200(f)(2)], 4.225 [9.210(g)], 4.240 [9.320], 4.250 [9.330], 4.255 [9.331], 4.260 [9.340]. Rule 4.270 has now been rewritten as Rule 4.156.

RULE 4.160. APPELLATE JURISDICTION
(a) Jurisdiction of District Court.
(1) The district court may shall review by appeal any final order of a judge. and any nonfinal order of a judge that adjudicates:
(A) jurisdiction;
(B) venue; or
(C) compensability, provided that the order expressly finds an injury occurred within the scope and course of employment and that the claimant is entitled to receive causally related benefits in some amount, and provided further that the judge certifies in the order that determination of the exact nature and amount of benefits due to the claimant will require substantial expense and time.
(2) Jurisdiction of the district court shall be invoked by filing a notice of appeal under these rules within 30 days of the date the order to be reviewed is mailed by the judge to the parties, which date shall be the date of rendition.
(b) Discretionary Jurisdiction: The district court also may review any nonfinal order of a judge that adjudicates the following:
(1) Jurisdiction.
(2) Venue.
(3) Compensability of accidents or occupational diseases.
(4) Insurance coverage.
(5) Discovery matters when it appears the judge's order will cause a party irreparable harm and there is no adequate remedy at law to rectify such harm.
(c) Commencement. Jurisdiction of the district court shall be invoked by filing a notice of appeal under these rules within 30 days after the order to be reviewed is mailed to the parties.
(d) Record: Review. Unless ordered by the district court, the record on appeal of a nonfinal order shall be limited to those items set forth in rule 4.180(b).
(e) Briefs: Discretionary Review. The appellant's initial brief in an appeal of a nonfinal order, accompanied by an appendix as prescribed by rule 4.180(b)(2), shall be filed with the notice of appeal.
(fb) Jurisdiction of Judge Divested. Except as provided for in these rules, the judge shall have no further jurisdiction over issues raised in the appeal.
(gc) Jurisdiction of Judge: Substantive Issues Not Affected. While on appeal, tThe judge retains jurisdiction to decide the issues that have not been adjudicated and are not the subject of pending appellate review.
(hd) Jurisdiction of Judge: Procedural Matters. During the pendency of an appeal, the judge retains jurisdiction to:
(1) supervise the preparation of the record on appeal, including the costs of preparation;
(2) extend thegrant extensions of time for filing the record up to 30 days as allowed under these rules. Any further extensions may be granted by the district court;
(3) correct clerical errors at any time before the record is filed with the district court; and
(4) determine if appellate issues have been abandoned.at any time before the record on appeal is filed with the district court under rule 4.180(i), approve settlements or correct clerical errors in the order appealed.
(ie) Discretionary Divestment Relinquishment of Jurisdiction by District Court. In cases in which the judge no longer has jurisdiction, the district court may relinquish jurisdiction to permit the judge to proceed to adjudicate specifically designated matters.
(jf) Discretionary Divestment to Consider Settlement.
(1) Investigation. On stipulation of the parties, the judge may investigate the efficacy *947 of a proposed settlement, either in whole or in part, of issues on appeal.
(1) Remand by District CourtIf after the record on appeal is filed, settlement is reached, the parties shall file a On joint motion of the parties stating that a settlement has been reached and requesting relinquishment of jurisdiction to the judge for approval of the settlement by the judge., The district court may remand the cause relinquish jurisdiction to the judge for a specified period for entry of an appropriate order. In the event the division has advanced the costs of preparing the record on appeal or the filing fee, a copy of the joint motion shall be furnished to the division by the appellant.
(2) On or before the date specified in the order relinquishing jurisdiction, the parties shall file a joint notice of disposition of the settlement with a conformed copy of any order entered on the settlement.
(3) Costs. Any order approving a settlement shall provide where appropriate for the assessment and recovery of appellate costs including any costs incurred by the division for insolvent appellants.
(k) Concurrent Jurisdiction. Before the record on appeal is transmitted to the district court, the judge and the district court have concurrent jurisdiction to enter orders on procedural matters.
(g) Other Review. Nothing in this rule shall be interpreted as precluding other original proceedings in the district court as provided in the Florida Rules of Appellate Procedure.

Committee Notes
1979 Adoption. This replaces rule 14, 1977 W.C.R.P. It derives, in part, from section 440.25(4)(f), Florida Statutes (1979); and rules 9.040(g), 9.110(b), and 9.900, Florida Rules of Appellate Procedure (1979). The appeal period is extended from 20 days to 30 days, and assignment of error(s) is eliminated.
1980 Amendment. The Rules Committee of the Workers' Compensation Section of the Bar is in agreement with conforming workers' compensation appellate procedures with appellate procedures involving other litigation, whenever possible. In all instances in which a conformed procedure is possible no special rules should exist. However, in some regards workers' compensation cases are unique, and this uniqueness generates special needs for workers' compensation appeals not present in appeals involving other litigation. One of these is a need for the parties and the courts to know precisely what is on appeal in a workers' compensation case so that those issues not on appeal may be determined in separate proceedings, those pursuant to rule 20 (relating to proceedings before the deputy in regard to matters over which jurisdiction has not been divested by the filing of an appeal). The information concerning what is on appeal is necessary to avoid delay in the delivery of uncontested (on appeal) benefits to the claimant.
Workers' compensation cases, of necessity, are taken up piecemeal. A workers' compensation case requires this treatment because the various entitlements of the claimant (which generate potential issues to be heard by the deputy commissioner) mature at different times as the course of the claimant's physical recovery progresses. A workers' compensation case, unlike other personal injury litigation, can engender successive issues as to medical treatment, the entitlement to temporary disability benefits, the entitlement to permanent disability benefits, as well as ancillary issues of penalties, costs, attorney fees and some other rather exotic issues. These can result in successive hearings and successive orders which are all equally final, and all equally appealable. This is not only necessitated by the nature of a workers' compensation case but also is required by the statute and the existing rules which allow claims and trials of only the matured issues. (See in this regard section 440.25, Florida Statutes, and existing Workers' Compensation Rule of Procedure 7.) This of course is different from other sorts of personal injury litigation in which the matter is tried at one time, and all issues are presented. For other sorts of litigation, the notice of appeal currently found in rule 16 is sufficient. The parties know what is being appealed, and *948 even if they don't, it makes little difference since no additional trials are contemplated.
The special need of the parties and the courts involved in a workers' compensation case to know what is on appeal, and what jurisdiction the deputy commissioner retains, was formerly met by the application for review requirements for appeals to the Industrial Relations Commission. This requirement was done away with by the current rule 16, after the Industrial Relations Commission was abolished by statute.
The Rules Committee of the Workers' Compensation Section does not recommend reinstituting the application for review procedure to delineate the issues on appeal. However, it is suggested that certain changes be made in the existing rule 16 in recognition of the special need in workers' compensation cases of an expeditious means of determination of just where it is that jurisdiction lies. As the rule now stands, between the date of the filing of the notice of appeal and the date of the filing of the record on appeal, the first district has nothing which would allow it to make such a determination. For this reason, it is suggested that a certified copy of the order appealed should be attached to and transmitted with the notice of appeal, and that the notice itself advise the court of the date of accident in question. The section further suggests a certificate of the appellant setting out which benefits will be affected by the issues on appeal, so that the deputy can determine whether he has jurisdiction to proceed in regard to other benefits. The certificate does not require a pleading of the issues on appeal, but rather only requires a certification of which benefits will be affected. It is felt that such an amendment to the rule will do much to avoid confusion and delay in determining the threshold question of the deputy's jurisdiction.
1984 Amendment. Provides that both the district court of appeal and the deputy may accept notices of appeal.
Jurisdiction before the filing of the record on appeal is retained by the deputy in regard to certain administrative tasks and no remand of jurisdiction from the district court is necessary.
The final sentence of subdivision (a) complements the new rule 4.161, and is intended to avoid possible confusion over jurisdiction to determine whether there has been an "abandonment" in what are presumed by the committee to be those rare circumstances in which "abandonment" is not plainly apparent.
1992 Amendment. This rule combines prior rules 4.160, 4.200, and 4.210 to follow the form of the Florida Rules of Appellate Procedure.
Subdivision (b) is derived from Florida Rule of Appellate Procedure 9.130.
Subdivision (e) duplicates rule 4.220(b) and is similar to Florida Rule of Appellate Procedure 9.130(e).
Subdivision (f) is from former rule 4.210(a).
Subdivision (g) is from former rule 4.200(b)(3).
Subdivision (h) is from former rule 4.210(a).
Subdivision (i) is from former rule 4.200(b)(2).
Subdivision (j) is from former rule 4.210(b), (c), and (d).
Subdivision (k) is similar to former rule 4.200(a).
1995 Amendment. The changes made in this rule were to correct deficiencies in the rule noted by the district court's decision in Hines Electric v. McClure, 616 So.2d 132 (Fla. 1st DCA 1993). It is intended that these changes will govern the review of nonfinal orders in the district court from the date of adoption, superseding Hines and the previous rule.

RULE 4.161. EFFECT OF APPEAL ON BENEFITS AWARDED
(a) Benefits Affected. Those bBenefits specifically referenced in the notice filed under rule 4.165(cb) shallmay be withheld as provided by law pending the outcome of the appeal. Otherwise, benefits awarded shall be paid as required by law.
(b) Abandonment. If the appellant or cross-appellant fails to argue entitlement to *949 benefits set forth in the notice of appeal in the appellant's or cross-appellant's initial brief, the challenge to such benefits shall be deemed abandoned. If there is a dispute as to whether a challenge to certain benefits has been abandoned, the district court upon motion shall make that determination.
(c) Payments of Benefits when Challenged Benefits Are Abandoned. When benefits challenged on appeal have been abandoned under subdivision (b) above, benefits no longer affected by the appeal are payable within 30 days of the service of the brief together with interest as required under section 440.20, Florida Statutes, from the date of the order of the judge of compensation claims making the award.
(d) Payment of Benefits after Appeal. If benefits are ordered paid by the district court on completion of the appeal, they shall be paid, together with interest as required under section 440.20, Florida Statutes, within 30 days after the court's mandate. If the order of the district court is appealed to the supreme court, benefits determined due by the district court may be stayed in accordance with the applicable Florida Rules of Appellate Procedure. Benefits ordered paid by the supreme court shall be paid within 30 days of the court's mandate.

Committee Notes
1984 Adoption. This comprehensive new rule is intended by the rules committee to clarify within the context of existing authority the status of benefits ordered paid where an appeal is taken, which may or may not have an impact on all benefits awarded, from inception through final disposition of appeal.
The rule codifies authority to the effect benefits certified as being challenged on appeal may be withheld pending disposition on appeal, provided, however, the appellant may either relinquish or forfeit this privilege by abandoning a contemplated challenge to benefits awarded. There are two consequences of an abandonment during the pendency of an appeal with respect to any benefit previously certified as affected by appeal. First, payment of the previously challenged award becomes due under the time table specified under subdivision (d) of this rule. The second consequence is jurisdiction reverts back to the deputy commissioner under rule 4.200(b)(3) (formerly Rule 20) over any matter no longer encompassed by an appeal where jurisdiction would otherwise have been suspended by operation of the certification previously in force.
Subdivision (c) defines abandonment. Counsel are encouraged to utilize this procedure [which complements the "certification" process of rule 4.160(a) (formerly rule 16)] as a means of withdrawing an issue from contention and of expediting payment of benefits during the pendency of an appeal where further reflection (often aided by study of the record on appeal) suggests that an award originally thought to be erroneous may not be reversible as a practical matter.
The language "not raised, argued or encompassed" in appellant's initial brief is broad so as to avoid dispute in cases where an award may be "encompassed" by an argument (such as the award of an expert witness fee in appeal directed to the threshold issue of "course of employment"). Obviously, the better practice is to be as explicit as practicable so as to avoid dispute. The deputy does retain jurisdiction under rule 4.160(a) to make a determination as to whether or not there has been an abandonment, in those unique instances in which the parties cannot otherwise agree.
Though not specifically encompassed by the rule, it is the committee's belief that a full voluntary dismissal of appeal, implicitly permissible in workers' compensation appeals, would, with respect to status and time for payment of benefits withheld pending appeal, operate effectively as an "abandonment" under this rule.
Subdivision (d) clarifies the time within which payments are to be made following either an abandonment or unsuccessful disposition of appeal. As in all other cases, enforcement in case of default is governed by section 440.24, Florida Statutes.
1992 Amendment. Rule 4.161(b). As envisioned by the committee, if an appellant or cross-appellant failed to assert an argument in support of a particular class or time period *950 of benefits previously referenced in the notice of appeal, the issue involving entitlement shall be deemed abandoned. The party asserting abandonment should file a motion with the judge who originally heard the case and has specific authority under rule 4.160(h)(4) to determine whether an issue affecting benefits has been abandoned.
1995 Amendment. Rule 4.161(b). The district court rather than the judge of compensation claims shall now determine the question of abandonment of benefits on appeal.

RULE 4.165. NOTICE OF APPEAL
(a) Procedure. An order of a judge of compensation claims may be appealed to the district court by filing a written notice of appeal with the district court or with any judge of compensation claims within 30 days from the date the judge's order is mailedof mailing. If the notice is filed with the district court, a copy shall be served on the judge who entered the order. A conformed copy of the order or orders designated in the notice of appeal shall be attached to the notice.
(b) Insolvency: Notice to Division. If a party seeks relief of any appellate costs due to insolvency, a copy of the notice and verified petition of insolvency shall be mailed to the division and to the general counsel for the department.
(cb) Contents of Notice. In addition to a reference to the order appealed, the notice shall contain a brief summary of the type of benefits affected including a statement setting forth the time periods involved.
(dc) Form of Notice.
In the Office of The Judge of Compensation Claims
District .... (district) ....
Judge of Compensation Claims
Name of Judge: .... (judge) ....
Claim No.: .... (claim number) ....
Date of Accident: .... (date of accident) ....
A.B., Appellant
v.
C.D., Appellee

Notice of Appeal
Notice is hereby given that ____ (appellant) ____, appellant, appeals to the First District Court of Appeal the order of Judge of Compensation Claims dated ____ (date of order) ____, 19__, and mailed to the parties on ____ ____ 19__ I hereby certify that this appeal affects only the following periods and classifications of benefits and medical treatment:
1. Compensation for ____ (TTD, TPD, wage loss, impairment benefits, PTD, funeral benefits, or death benefits) ____ from ____ (date) ____ to ____ (date) ____
2. Medical benefits.
3. Rehabilitation.
4. Reimbursement from the SDTF for benefits paid from ____ (date) ____ to ____ (date) ____
5. Contribution for benefits paid from ____ (date) ____ to ____ (date) ____
 Appellant or Counsel for Appellant
 .... (address) ....
 .... (telephone number) ....
 Florida Bar No. .... (bar
 number) ....
(Certificate of Service: see rule 4.030(b)(2))
(d) Service. Service shall be accomplished as set forth in Florida Rule of Appellate Procedure 9.420(c). The certificate shall also reflect the name of the party that each attorney represents. A copy of the notice of appeal or cross-appeal shall be served on all interested parties and the judge who entered the order.
(e) Filing Fee. The notice of appeal shall be accompanied by an appropriate filing fee as set by law unless a verified petition for relief from payment pursuant to relief is sought under rule 4.180(f)(g) and section 57.081(1), Florida Statutes, has been filed with the judge.
(f) Transmittal of Notice and Fee. If the notice is filed with a judge, the judge shall transmit a certified copy of the notice, *951 the conformed copy of the order and the filing fee to the clerk of the district court. If the judge transmitting the notice is not the judge who entered the order appealed, a copy of the notice of appeal shall be forwarded to the judge who signed the order appealed.
(g) Jurisdiction. The district court acquires jurisdiction when the notice of appeal is filed. However, at any time before the record on appeal is filed with the district court under rule 4.180(i), the judge also shall have the authority to approve settlements or correct clerical errors in the order appealed. The judge also shall have the authority to determine if an issue has been abandoned under rule 4.161(b).
(hg) Cross-Appeal. Notice of cross-appeal shall be filed with the district courtany judge within 10 days of service of the notice of appeal or within 30 days after the date of mailing of the order to be reviewed, whichever is later, and a copy shall be sent to the judge. The notice of cross-appeal shall be substantially the same as set forth in these rules. No filing fee shall be required for a cross-appeal.
(ih) Assignments of Error. There shall be no assignment or cross-assignment of error.
(j) Proof of Service. A copy of the notice of appeal or cross-appeal shall be served on all interested parties.

Committee Notes
1992 Adoption. Rule 4.165(d). The list of benefits set forth in the Notice of Appeal form is illustrative and not intended to be comprehensive. The primary purpose of requiring a list of benefits in dispute on appeal is to allow for a clear determination of what has been abandoned under rule 4.161(b). Note that abandonment can apply to issues raised in a cross-appeal.
1995 Amendment. A request for relief from filing fees pursuant to section 57.081, Florida Statutes, is separate and distinct from a request for relief from payment of record costs on appeal. All interested parties have the right to object to a request for relief from record costs on appeal. The pleading and notice requirements are different for each type of request for relief. See also rule 4.180(f). Cross-appeals are no longer filed with the judge but directly with the district court.

RULE 4.166. INTERVENTION BY DIVISION
(a) Notice of Appeal and Order to be Reviewed to Division and General Counsel. The judge of compensation claims shall send a copy of the notice and a certified copy of the order to the division and to the general counsel for the department.
(b) Intervention by Division: District Court. Within 30 days from a notice or petition the invoking the jurisdiction of the district court filing of the notice of appeal, or at any time the district court may specifically require, the division may intervene by filing a notice of intervention as a party appellant/petitioner or appellee/respondent with the district court and take positions on any relevant matters.
(c) Intervention by Division: Supreme Court. If an order of the district court is appealed to the supreme court, the division may intervene in accordance with the applicable Florida Rules of Appellate Procedure. The clerk of the supreme court shall provide a copy of the notice of appeal to the division.
(d) Division Not a Party Until Motion Notice to Intervene is Granted Filed. Until the motion to intervene is granted notice of intervention is filed, the division shall not be considered a party.

RULE 4.180. RECORD ON APPEAL
(a) Contents: Final Orders.
(1) Transcript, Order, and Other Documents. The record shall contain the claim(s) or petition(s) for benefits, notice(s) of denial to controvert, pretrial stipulation, pretrial order, transcripts of any hearings before the judge of compensation claims or petition for benefits, and the order appealed. By designation of the parties, the record also shall contain such other exhibits, orders, depositions, transcripts, and physical evidence introduced into evidence at the hearing. The district court may consider matters not introduced into evidence if it is necessary for the determination of the issues on appeal. Evidence *952 proffered but not introduced into evidence at the hearing shall not be considered unless its admissibility is an issue on appeal and the question is properly designated for inclusion in the record by a party.
(2) Designated Matters. Within 10 days from the date the notice of appeal is filed, the appellant shall designate in writing what matters are to be included in the record on appeal and certify a copy of such designation to the appellee. The judge may for good cause extend the time for filing the designation. Within 10 days after service of the appellant's designation but no later than 20 days after filing of the notice of appeal, the appellee shall designate in writing additional matters to be included in the record on appeal. Any extension of time given the appellant shall automatically extend the time to file the appellee's designation.
(3) Certification and Transmittal. The judge shall certify and transmit the record to the district court as prescribed by these rules.
(b) Contents: Nonfinal Orders.
(1) Order. The record shall contain the order on appeal and such other items essential to the district court's determination of the appeal.
(2) Brief and Appendix. The petitioner/appellant shall file the initial brief along with an appendix containing the items set forth in subdivision (b)(1), above, with the notice of appeal.
(3) Response: Answer Brief. Within 20 days from the service of the notice of appeal of a nonfinal order and the initial brief, the respondent/appellee may file an answer brief and designate such other items considered essential to the court's determination of the appeal. A copy of the answer brief and designated items shall be served on the petitioner/appellant.
(cb) Abbreviated Record.
(1) Authority. A party may omit unnecessary items from the record on appeal.
(2) Designation. The appellant (cross-appellant) shall designate those items deemed necessary. Such designation along with a statement of the issues on appeal shall be filed with the notice of appeal. A copy of the designation and the statement of the issues on appeal shall be served on all parties.
(3) Cross-Designations. Within 10 days after service of the appellant's designation and statement of issues, each opposing party may file cross-designations of items deemed necessary.
(4) Cross-Appeal. In the case of a cross-appeal, the cross-appellant shall file the cross-designation of necessary items and the statement of issues on cross-appeal with the notice of cross-appeal.
(dc) Stipulated Record. The parties may stipulate to the contents of the record. In such a case the record shall consist of the stipulated statement and the order appealed which the judge shall certify as the record on appeal.
(d) Record: Nonfinal Appeals. In an appeal of a nonfinal order a record shall not be transmitted to the district court unless ordered by the district court.
(e) Incomplete Record. If the district court determines the record is incomplete, it may direct the parties to provide the omitted parts. In that case, the appeal shall not be decided until the omitted parts are supplied.
(fe) Costs.
(1) Notice of Estimated Costs. Within 5 days after the contents of the record have been determined under these rules, the judge shall notify the appellant of the estimated cost of preparing the record. The judge also shall notify the division of the estimated record costs if the appellant files a verified petition to be relieved of costs and a sworn financial affidavit in substantially the same form as form 4.9125.
(2) Deposit of Estimated Costs. Within 15 days after the notice of estimated costs is served, the appellant shall deposit a sum of money equal to the estimated costs with the judge.
(3) Failure to Deposit Costs. If the appellant fails to deposit the estimated costs within the time prescribed, the judge shall notify the district court, which may dismiss the appeal.
*953 (4) State Agencies: Waiver of Costs. Any self-insured state agency, including the Division of Workers' Compensation or the Special Disability Trust Fund, need not deposit the estimated costs.
(gf) Relief From Filing Fee and Costs: Indigency.
(1) Filing Fee. An appellant may be relieved of paying the filing fee by submitting a verified petition of Indigency under section 57.081(1), Florida Statutes, with the notice of appeal.
(A) Authority. An appellant may be relieved of paying filing fees by filing a verified petition or motion of indigency under section 57.081(1), Florida Statutes, with the judge.
(B) Time. The verified petition or motion of indigency must be filed with the judge together with the notice of appeal. If the notice of appeal is filed with the district court rather than the judge, the verified petition or motion must simultaneously be filed with the judge who signed the order appealed.
(C) Verified Petition: Contents. The verified petition or motion shall contain a statement by the appellant to be relieved of paying filing fees due to indigency and the appellant's inability to pay said charges. The petition shall request that the judge enter an order or certificate of indigency.
One of the following shall also be filed in support of the verified petition or motion:
(i) if the appellant is unrepresented by counsel, a financial affidavit as required in Rule 4.180(f)(2)(D); or
(ii) if the appellant is represented by counsel, counsel shall execute and file a certificate certifying that counsel has investigated (a) the appellant's financial condition and finds the appellant indigent; and (b) the nature of the appellant's position and it is meritorious as a matter of law. Counsel shall also certify that counsel has not been paid or promised payment of a fee or other remuneration for such legal services except for the amount, if any, ultimately approved by the judge to be paid by the employer/carrier if such entitlement is determined by the district court.
(D) Service. The appellant shall serve a copy of the verified petition or motion of indigency, including the appellant's financial affidavit or counsel's certificate, whichever is applicable, on all interested parties, including the division, the general counsel of the department, and the clerk of the district court.
(E) Order or Certificate of Indigency. The judge shall review the verified petition or motion for indigency and supporting documents without a hearing, and if the judge finds compliance with section 57.081(1), Florida Statutes, he or she may issue a Certificate of Indigency or enter an order granting said relief, at which time the appellant may proceed without further application to the district court and without payment of any filing fees.
If the judge enters an order denying relief, the appellant shall deposit the filing fee with the judge within 15 days from the date of that order unless review is made by motion filed with the district court.
(2) Costs of Preparation of Record.
(A) Authority. An appellant also may be relieved in whole or in part from the costs of the preparation of the record on appeal by filing with the judge a verified petition to be relieved of such costs and a copy of the designation of the record on appeal. The verified petition to be relieved of costs shall contain a sworn financial affidavit as described in subdivision (D) below in a form substantially the same as form 4.9125.
(B) Time. The verified petition to be relieved of costs must be filed within 15 days after service of the notice of estimated costs. A verified petition filed before the date of service of the notice of estimated costs shall be deemed not timely.
(C) Verified Petition: Contents. The verified petition to be relieved of costs shall include the appellant's sworn financial statement listing his or her income, expenses, assets, and liabilitiesshall contain a request by the appellant to be relieved of costs due to insolvency. The petition also shall include a statement by the appellant's attorney or the appellant, if not represented by an attorney, that the appeal was filed in good faith and the district court could reasonably could find *954 reversible error in the record and shall state with particularity the specific legal and factual grounds for that opinion.
(D) Sworn Financial Affidavit: Contents. With the verified petition to be relieved of costs, the appellant shall file a sworn financial affidavit listing income and assets, including marital income and assets, and expenses and liabilities. The sworn financial affidavit shall be substantially the same as form 4.9125.
(DE) Verified Petition and Sworn Financial Affidavit: Service. The appellant shall serve a copy of the verified petition to be relieved of costs, including the sworn financial affidavit, on all interested parties, includingon the division, the office of general counsel of the department, and the clerk of the district court, and all parties.
(EF) Hearing on Petition to Be Relieved of Costs. After giving 15 days' notice to the division and all parties, the judge shall promptly hold a hearing and rule on the merits of the petition to be relieved of costs. However, if no objection to the petition is filed by the division or a party within 1220 days after the petition is filedserved, the judge may enter an order on the merits of the petition without a hearing.
(FG) Extension of Appeal Deadlines: Petition Granted. If the petition to be relieved of the entire cost of the preparation of the record on appeal is granted, the 60-day period allowed under these rules for the preparation of the record shall begin to run from the date of the order granting the petition.
(GH) Extension of Appeal Deadlines: Petition Denied. If the petition to be relieved of the cost of the record is denied or only granted in part, the petitioner shall deposit the estimated costs with the judge within 15 days from the date the order denying the petition is entered. The 60-day period allowed under these rules for the preparation of the record shall begin from the date the estimated cost is deposited with the judge.
(HI) Payment of Cost for Preparation of Record by Administration Trust Fund. If the petition to be relieved of costs is granted, the judge may order the Workers' Compensation Administration Trust Fund to pay the cost of the preparation of the record on appeal pending the final disposition of the appeal.
(IJ) Reimbursement of Administration Trust Fund If Appeal Is Successful. If the Administration Trust Fund has paid the costs of the preparation of the record and the appellant prevails at the conclusion of the appeal, the appellee shall reimburse the Fund the costs paid within 30 days of the mandate issued by the district court or supreme court under these rules.
(3) Indigency Defined. Indigency for the purpose of this rule is synonymous with insolvency as defined by section 440.02(31)(b), Florida Statutes.
(hg) Preparation of Record.
(1) Selection of Reporter by Judge. The judge shall supervise the preparation of the record. The judge or chief judge shall select the reporter or transcriber to prepare the record. The judge shall give the parties notice of the selection.
(2) Objection to Reporter or Transcriber Selected. Any party may object to the reporter or transcriber selected by filing written objections with the judge within 10 days after receiving notice of the selection. Within 5 days after filing the objection, the judge shall hold a hearing on the issue. In such a case, the time limits mandated by these rules shall be appropriately extended.
(3) Certification of Record by Court Reporter or Transcriber. The reporter or transcriber designated by the judge or chief judge shall transcribe, certify, and deliver the record to the judge as required under these rules. The record shall be delivered in sufficient time for the judge to review the record and send it to the district court. The reporter or transcriber shall promptly notify all parties in writing when the record is delivered to the judge.
(4) Format. The record shall be securely bound in one or more volumes not to exceed 200 pages each. Each volume shall include a cover page, a complete index containing the names of the witnesses, and a list of exhibits *955 admitted into evidence. Each page of the record shall be numbered consecutively. Volume one shall contain a complete index of the entire record. If designated under subdivision (a)(1) of this rule, proffered evidence shall be clearly identified and located in a separate section of the record.
(5) Certification by Judge. The judge shall review the record and certify that it was prepared in accordance with these rules.
(ih) Time to File and Extensions.
(1) Time to File. Within 60 days after the notice of appeal is filed, the appellant shall file the record with the district court.
(2) Extensions. For good cause, the judge may extend by no more than 30 days the time for filing the record with the district court. Any further extensions may be granted by the district court.
(3) Copies Served on Parties. The appellant shall serve a copy of the record on all parties. However, unless the nature of the litigation dictates otherwise, the appellant may serve the employer, carrier, or servicing agent by serving its attorney of record. If the employer, carrier, or servicing agent is not represented by an attorney, the appellant need only serve the employer or the carrier, or the servicing agent.

Committee Notes
1979 Adoption. This replaces rule 16, 1977 W.C.R.P. The subsection applicable to nonfinal orders is new. The earlier rule provided designations for the purpose of excluding portions of the proceedings. This rule reverses that concept, and one must now designate those portions of the proceedings which are to be included.
1980 Amendment. 18. (a) This change is intended to conform the rules to the legislative mandate (or comport with the legislative intent) set out in section 440.29(2), Florida Statutes, which requires hearings before the deputy commissioner to be reported and authorizes the division to contract for the reporting of the hearing. Current practice and procedure is apparently inconsistent, with some districts employing court reporters and others not. The Rules Committee of the Workers' Compensation Section has been advised of several instances in which the record on appeal has been inadequate for purposes of deciding the appeal, resulting in some cases in irreparable damage and, in others, of unnecessary expense involving de novo proceedings. [The amendment described herein was deleted upon rehearing in order of December 19, 1980.]
18. (f) The changes are intended to relieve the insolvent appellant of the costs of the newly imposed filing fee for the appeal to the First District Court of Appeal. There previously was no filing fee to the Industrial Relations Commission and no reason to provide for relief from that cost. Since the division bears the cost of the preparation of the record in cases of total or partial insolvency of the appellant, it should also bear the cost of the filing of the appeal.
18. (i) The change in subdivision (i) provides that the deputy commissioner, who still has physical possession of the file and can more easily handle the ministerial duties involving the record, should deal with any extensions required for filing the record.
1984 Amendment. 18(a)(1) Redundant language deleted. Earlier language in 18(a)(1) discusses what is to be included in the record.
18(f)(1) (New) Conforms Workers' Compensation to general appellate practice, implementing section 47.081(1), Florida Statutes.
18(f)(2) (Newly Numbered) Clarifies language in conformity with Florida Workers' Compensation Rules of Procedure 18(f)(1) to distinguish between filing fees and record costs.
1995 Amendment. Subdivision (f)(1), formerly (g)(1), was amended to point out the differences between the procedures for relief from the filing fee and relief from the costs of the record on appeal. It codifies the changes to section 57.081(1), Florida Statutes, as amended by Ch. 94-348 § 18, Laws of Florida, effective June 3, 1994, and incorporates the procedure outlined in Schwab v. Brevard County School Board, 650 So.2d 1099 *956 (Fla. 5th DCA 1995) and Miller v. Hospitality Care Center, 431 So.2d 254 (Fla. 1st DCA 1983).

RULE 4.220. BRIEFS: WHEN FILED AND CONTENTS
(a) Initial Brief: Final Order Appeals. Within 30 days after the judge of compensation claims certifies the record to the district court, the appellant shall file an original and 3 copies of the initial brief with the district court. A copy shall be served on the appellee. Additional briefs shall be served as prescribed by Florida Rule of Appellate Procedure 9.210.
(b) Initial Brief: Discretionary Review of Nonfinal Order. In the event of an appeal of a nonfinal order under rule 4.160(b), an original and 3 copies of the brief and appendix must be filed with the notice of appeal. A copy shall be served on the appellee/respondent.
(b) Briefs: Nonfinal Order Appeals. The appellant's initial brief, accompanied by an appendix as prescribed by Florida Rule of Appellate Procedure 9.220, shall be served within 15 days of filing the notice. Additional briefs shall be served as prescribed by Florida Rule of Appellate Procedure 9.210.
(c) Answer Brief. Within 20 days after service of the appellant's brief, the appellee shall file an original and 3 copies of the answer brief and serve a copy on the appellant.
(d) Appellant's Reply Brief. Within 20 days from service of appellee's answer brief, the appellant may file a reply brief. As with the initial brief, an original and 3 copies shall be filed with the district court and a copy shall be served on the appellee. If a cross-appeal is pending, the time for filing the cross-appellant's reply brief shall be governed by subdivision (g) of this rule.
(e) Cross-Appeal. The cross-appellant shall argue issues raised by the cross-appeal in the answer brief. The cross-appellant's brief shall be prepared in the format established by Florida Rule of Appellate Procedure 9.210(c).
(f) Appellant/Cross-Appellee's Answer Brief. The appellant or cross-appellee shall include the responsive argument to the cross-appeal in the reply brief.
(g) Appellee/Cross-Appellant's Reply Brief. Twenty days after the appellant or cross-appellee has served the reply brief containing argument regarding the cross-appeal, the appellee or cross-appellant may file an original and 3 copies of a reply brief and serve a copy on the appellant/cross-appellee.
(hc) Filing and Service. Briefs shall be filed with the clerk of the district court and service of copies shall be made in accordance with these rules.
(id) Style and Contents of Briefs. The style and contents of briefs shall conform to the requirements of Florida Rule of Appellate Procedure 9.210.

Committee Notes
1979 Adoption. This replaces rule 19, 1977 W.C.R.P.
1995 Amendment. Subdivisions (b) through (g) were deleted because they were duplicative of Florida Rule of Appellate Procedure 9.200.

RULE 4.225 NOTICES OF SUPPLEMENTAL AUTHORITY
Notices of supplemental authority, without argument, may be filed with the district court before a decision has been published to call attention to decisions, rules, or statutes that have been discovered after the last brief served in the appeal.

RULE 4.230. MOTIONS
(a) Contents of Motion: Response. Unless otherwise prescribed by these rules, an application for an order or other relief available under these rules shall be made by filing a motion. The motion shall state the grounds on which it is based, the relief sought, supporting argument, and appropriate citations of authority. A motion for an extension of time and other motions when appropriate shall contain a certificate by the movant's counsel that opposing counsel has been consulted and has no objection or will promptly file an objection. A motion may be accompanied by an appendix, which may include affidavits and other appropriate supporting documents not contained in the record. A party may serve one response to a *957 motion within 10 days of service of the motion. The district court may shorten or extend the time for response to a motion.
(b) Effect on Proceedings. Except as prescribed by subdivision (d) of this rule, service of a motion shall toll the time schedule of any proceeding before the district court until disposition of the motion. An order granting an extension of time for any act automatically shall extend the time for all other acts that bear a time relation to it. A copy of an order extending the time entered by the judge of compensation claims shall be transmitted to the district court.
(c) Motions to Strike. Motions to strike a brief or portions of a brief shallwill not be entertained by the district court. However, a party, in its own brief or by filing a suggestion, may call to the court's attention a breach of these rules. If no further responsive brief is authorized, noncompliance may be brought to the court's attention by filing a suggestion of noncompliance. Statements in briefs not supported by the record shall be disregarded and may constitute cause for imposition of sanctions.
(d) Motions Not Tolling Time.
(1) Motions for stay pending appeal.
(2) Motions relating to oral argument.
(3) Motions relating to joinder and substitution of parties.
(4) Motions relating to amicus curiae.
(5) Motions relating to attorney fees on appeal.
(6) Motions relating to service.
(7) Motions relating to admission or withdrawal of attorneys.

Committee Notes
1979 Adoption. This replaces rule 20, 1977 W.C.R.P.
Subdivision (b) is a significant change from previous practice.
Subdivision (c) is a new provision.
1980 Amendment. This replaces the former rule 23 governing motions entirely.
The rule conforms motion practice in the First District in workers' compensation cases to motion practice in the First District in other cases under Florida Rule of Appellate Procedure 9.300. This change is essentially identical with rule 9.300 with the exception of the addition of subdivision (c) which is retained from the former rule 23.

RULE 4.240. ORAL ARGUMENT
Oral argument may be permitted in any proceeding. A request for oral argument shall be a separate document served with the earliest brief of a party. On its own motion or that of a party, the court may require, limit, expand, or dispense with oral argument.

Committee Notes
1979 Adoption. This replaces rule 21, 1977 W.C.R.P.

RULE 4.250. MOTION FOR REHEARING
(a) Time for Filing; Contents; Reply. A motion for rehearing or for clarification of decision may be filed only within 15 days of the decision unless the time is extended by order of the court applied for within the 15-day period. The motion shall state with particularity the points of law or fact which the court has overlooked or misapprehended. The motion shall not re argue the merits of the court's order. A reply may be served within 10 days of service of the motion. The time allowed for filing a notice or petition in the supreme court shall be extended pending final disposition of a motion for rehearing or for clarification hereunder.
(b) Limitation. A party shall not file more than 1 motion for rehearing or clarification of a decision.

Committee Notes
1979 Adoption. This is a new rule.
1984 Amendment. Clarified existing law and conforms Florida Workers' Compensation Rules of Procedure with Florida Rules of Appellate Procedure 9.330 and 9.300.

RULE 4.255. REHEARING EN BANC
(a) Generally. A rehearing en banc may be ordered by the district court on its own motion or on motion of a party. Within the *958 time prescribed by rule 4.250 and in conjunction with the motion for rehearing, a party may move for an en banc rehearing only on the grounds that the cause is of exceptional importance or that such consideration is necessary to maintain uniformity in the court's decisions. A motion based on any other ground shall be stricken.
(b) Required Statement for Rehearing En Banc. A rehearing en banc is an extraordinary proceeding. Unless one of the grounds for a rehearing en banc as set forth in subdivision (a) is clearly met, an attorney is not obligated to file such a motion to fully represent the client. When filed by an attorney, the motion shall contain one or both of the following statements:
"In my professional opinion, I believe the panel decision is of exceptional importance."
or
"In my professional opinion, I believe the panel decision is contrary to the following decision or decisions of the district court and that a consideration by the full court is necessary to maintain uniformity of decisions: ... . . (cite specific case or cases... ..."
(c) Formal Order on Motion for Rehearing En Banc. If a motion for rehearing under rule 4.250 is ruled on before a pending motion for rehearing en banc, the latter shall be deemed denied without the necessity of entering a formal order.

RULE 4.260. MANDATE
(a) Issuance of Mandate. Unless otherwise ordered by the district court or provided by these rules, the clerk shall issue such mandate or process as may be directed by the court after the expiration of 15 days from the date of an order or decision. A copy or notice of its issuance shall be served on all parties and on the judge. The judge also shall be furnished with a certified copy of the final opinion of the district court.
(b) Extension of Time for Issuance of Mandate. If a timely motion for rehearing, clarification, or certification has been filed, the time for issuance of the mandate or other process shall be extended until 15 days after the rendition of the order denying the motion or, if granted, until 15 days after the cause has been fully determined.

Committee Notes
1979 Adoption. This is a new rule.

RULE 4.265. ATTORNEY FEES AND APPELLATE COSTS
(a) Costs. Costs shall be taxed in favor of the prevailing party as provided by law unless the district court orders otherwise. Taxable costs shall include:
(1) fees for filing and service of process;
(2) charges for preparation of the record;
(3) charges for a transcript included in an appendix as part of an appeal of a nonfinal order;
(34) bond premiums; and
(45) other costs permitted by law.
Costs shall be taxed by the judge of compensation claims on motion served within 30 days after issuance of mandate.
(b) Attorney Fees. A motion for attorney fees may be served no later than the time for service of the moving party's last brief permitted under these rules. If the moving party elects not to file the last brief, the motion must be served on or before the date the last brief would have been due.
(c) Entitlement and Amount of Fees and Costs. If the district court determines that an appellate fee is due, the judge shall have jurisdiction to conduct hearings and consider evidence regarding the amount of the attorney fee and costs due at any time after the mandate is issued.
(d) Review. Review of orders issued under this rule shall be by motion filed with the district court within 30 days of rendition.

RULE 4.270. FURTHER REVIEW AND ORIGINAL PROCEEDINGS: APPELLATE RULES
Except as provided in these rules, any further review and original proceedings shall be governed by the Florida Rules of Appellate Procedure.

*959 Committee Notes
1979 Adoption. This is a new rule.